IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIAM J. MURRAY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 3:03-CV-0888-P |
| TXU CORP., | § | |
| TXU ENERGY COMPANY, L.L.C., | § | |
| TXU PORTFOLIO MANAGEMENT | § | |
| COMPANY, L.P. f/k/a TXU ENERGY | § | |
| TRADING COMPANY, L.P., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Now before the Court is Defendants TXU Corp., et al.'s ("TXU" or "Defendants") Motion to Strike Plaintiff's Demand for a Jury Trial on His Sarbanes-Oxley Act Claim ("Motion to Strike Sarbanes"), filed April 25, 2005. Plaintiff William J. Murray ("Murray" or "Plaintiff") filed his Response ("Response to Motion to Strike Sarbanes") on May 2, 2005, and Defendants filed their Reply ("Reply to Motion to Strike Sarbanes") on May 6, 2005. After considering the parties' arguments and briefings, and the applicable law, the Court GRANTS Defendants' Motion to Strike Plaintiff's Demand for a Jury Trial on His Sarbanes-Oxley Claim.

**I.   Background**

"In both his Complaint and his Amended Complaint, [Plaintiff] demanded a jury trial as to . . . his Sarbanes-Oxley Act Section 806 claim [(the "Act")]." Mot. to Strike Sarbanes at 1 (citing Pl.'s Original Compl. ¶ 161; Pl.'s First Am. Compl. ¶ 166). Defendants argue that because the Act does not expressly provide for such a right and because Plaintiff seeks only

equitable relief under the Act, he is barred from seeking a jury trial. In response, Plaintiff argues he is entitled to a jury trial because: (1) the Motion to Strike Sarbanes is belated; (2) the plain language of the Act provides that right; (3) Plaintiff seeks special and punitive damages, and therefore legal remedies; (4) the legislative history allows that right; and (5) no court has held to the contrary.[1] *See* Reply to Mot. to Strike Sarbanes at 1.

## II.   Plain Language

Rule 38 of the Federal Rules of Civil Procedure preserves the "right of trial by jury as declared by the Seventh Amendment . . . or as given by a statute of the United States." Fed. R. Civ. P. 38. "This right encompasses all actions in which legal rights are to be determined, as opposed to those in which only equitable rights and remedies are involved." *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 422 (5th Cir. 1998). Thus, the initial inquiry is whether the Sarbanes-Oxley Act provides a right of trial by jury. It is undisputed that the Act omits the phrase "jury trial." Nevertheless, Plaintiff asserts "Section 806 has express wording that clearly indicates that parties are entitled to a jury trial." Resp. to Mot. to Strike Sarbanes at 4. The Act states:

> If the Secretary [of Labor] has not issued a final decision within 180 days of the filing of the complaint and there is no showing that such delay is due to the bad faith of the claimant, bringing an *action at law* or equity for de novo review in the appropriate district court of the United States, which shall have jurisdiction over such an action without regard to the amount in controversy.

---

[1] The Court dispenses quickly with reasons number one and five. With regard to number one, although Plaintiff argues Defendants' Motion is untimely, Defendants' action affects no deadlines or scheduling orders. Furthermore, on October 20, 2003, in the Joint Proposal for Contents of Scheduling and Discovery Order, "Defendants [denied] that Plaintiff [was] entitled to a jury trial." With regard to number five, the fact that no court has withheld the right to a jury trial under the Act amounts to a *non sequitur*. As another district court noted, the jury trial question is an issue of first impression. *Hanna v. WCI Communities, Inc.*, 348 F.Supp.2d 1332, 1334 (S.D. Fla.)

18 U.S.C. § 1514A(b)(1)(B) (emphasis added).  To wit, Plaintiff argues the phrase "at law" requires the right to a jury.

Notwithstanding Plaintiff's contention, in *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707-08 (1999), the Supreme Court held that the phrase "action at law" did not necessarily imply a right to a jury trial.  *Id.* at 708 ("We decline, accordingly, to find a statutory right under § 1983 based solely on the authorization of "an action at law.").  Rather, the Court engaged in a Seventh Amendment analysis to decide whether a particular action would resolve equitable or legal rights.  Specifically, the Court examined both the nature of the issues involved and the remedy sought.[2]

At this point, the option exists to use Seventh Amendment analysis to determine whether a legal cause of action exists under the Act.  *See Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 376 (1996).  However, "[b]efore inquiring into the applicability of the Seventh Amendment, [a court] must 'first ascertain whether a construction of the statute is fairly possible by which the [constitutional] question may be avoided.'" *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 345 (1998) (quoting *Tull v. United States*, 481 U.S. 412, 417 n.3 (1987)).  Indeed, Plaintiff does not engage in such an approach.  Rather, he asserts that his Sarbanes-Oxley action seeks both equitable and legal relief.

---

[2] *See also Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 564 (1990) ("First, we compare the statutory action to 18-century actions brought in the courts of England prior to the merger of the courts of law and equity.  Second, we examine the remedy sought and determine whether it is legal or equitable in nature.") (internal citations omitted).

### III.     Equitable and Legal Claims

Plaintiff argues further that he is entitled to a jury trial because he seeks legal claims of exemplary damages and reputational injury. Of course, this assertion assumes the Act permits such claims. Furthermore, the assertion assumes Plaintiff properly requested such claims. After analyzing both assumptions, the Court finds it difficult to believe either premise is viable.

First, as with the phrase jury trial, the Act contains no express wording of any *legal* remedies.[3]  Rather, it provides that:

> An employee prevailing in any action under [the Act] shall be entitled to all relief necessary to make the employee whole . . . [and] *Compensatory damages* . . . shall include--(A) reinstatement with the same seniority status that the employee would have had, but for the discrimination; (B) the amount of back pay, with interest; and (C) compensation for any *special damages* sustained as a result of the discrimination, including litigation costs, expert witness fees, and reasonable attorney fees.

18 U.S.C. § 1514A(c) (emphasis added). Plaintiff asserts that the phrase "special damages" encompasses legal claims such as reputational and exemplary damages. Again, this assertion fails for several reasons.

### a.     Special Damages

First, "[Plaintiff] did not specifically plead that he was entitled to special damages for injury to his reputation." Reply to Mot. to Strike Sarbanes at 7 (citing Pl.'s First Am. Compl.). Federal Rule of Civil Procedure Rule 9(g) mandates that "[w]hen items of special damage are claimed, they shall be *specifically* stated. Fed. R. Civ. P. 9(g) (emphasis added). The purpose of the rule, in part, is to avoid unfair surprise on the part of defendants by informing them as to the

---

[3] *Cf. Hanna*, 348 F.Supp.2d at 1333 ("The [Act] does not specifically mention whether a plaintiff may demand damages for loss of reputation under the Act.").

nature of the damages claimed.  *See Great Am. Indem. Co. v. Brown*, 307 F.2d 306, 308 (5th Cir. 1962).  Therefore, when items of special damages are *not* specifically stated, or are omitted, from the complaint, courts may exclude their subsequent request.  *United Industries, Inc. v. Simon-Hartley, LTD.*, 91 F.3d 762, 764-65 (5th Cir. 1996).

The Court recognizes that Plaintiff included the claim of reputational damages in the Joint Pretrial Order, filed May 20, 2005.  However, in this case, the Court concludes that Defendants failed to receive proper notice of that action, and that it would thwart the purpose of Rule 9(g) to now allow such a claim.  Accordingly, as Plaintiff waived his claim of reputational injury, he therefore waived his right to seek a jury on that action.

Second, even assuming Plaintiff specifically stated reputational injury, the Act does not appear to allow such claims.  Although the Act speaks of compensatory damages, such damages include both pecuniary and non-pecuniary items.  *See Bohac v. Dept. of Agriculture*, 239 F.3d 1334, 1341 (Fed. Cir. 2001) (citing Restatement (Second) of Torts §§ 905, 906); *cf. Smith v. Atlas Off-Shore Boat Serv., Inc.*, 653 F.2d 1057, 1064 (5th Cir. 1981) [hereinafter *Atlas*]. Normally, "the term 'compensatory damages' includes non-pecuniary damages such as pain and suffering," mental anguish, and reputational injury.  *Bohac*, 239 F.3d at 1341; *cf. Atlas*, 653 F.2d at 1064.  Yet, in this situation, the Act provides that compensatory damages shall include reinstatement, back bay, litigation costs, experts witness and attorney fees.  18 U.S.C. § 1514A(c)(2).  No mention is made of any type of damage that might be considered non-pecuniary.

Indeed, the Court finds remedies under the Sarbanes-Oxley Act analogous to remedies under Title VII prior to its 1991 amendment.[4]  At that time, Title VII provided:

> [T]he court may enjoin the respondent from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate, which may include, but is not limited to, *reinstatement* or hiring of employees, with or without *back pay* . . . or any other equitable relief as the court deems appropriate.[5]

42 U.S.C. § 2000e-5(g) (1991) (emphasis added).  The Supreme Court interpreted this provision to mean that "nothing in this remedial scheme purports to recompense a Title VII plaintiff for any of the other traditional harms associated with personal injury, such as pain and suffering, emotional distress, harm to reputation, or other consequential damages.  *United States v. Burke*, 504 U.S. 229, 239 (1992).  To wit, courts commonly found that such relief was purely equitable.  *See, e.g.*, *Johnson v. Georgia Highway Express, Inc.*, 417 F.2d 1122, 1125 (5th Cir. 1969).

Moreover, although Plaintiff asserts correctly that the Act "does not say 'including but limited to,'" Resp. to Mot. to Strike Sarbanes at 9, it would belie the express language to interpret that "shall include" allows for non-pecuniary damages.  *Burke* rejected that proposition in the Title VII context.  *See Burke*, 504 U.S. at 239.  "This comparison illustrates that Congress knows how to provide for non-pecuniary losses . . . when it so desires."  *Bohac*, 239 F.3d at 1342 (comparing the Civil Rights Act of 1991 to section 1221 of the Whistleblower Protection Act).

---

[4] *See also Hanna*, 348 F.Supp.2d at 1334 ("Prior to the passage of 42 U.S.C. § 1981(a), the remedies section of Title VII only provided for the same remedies listed in the Sarbanes-Oxley Act under 18 U.S.C. § 1514(a)(c)(2).").

[5] Additionally, the preceding Title VII statute allowed for the payment of attorney's fees.  42 U.S.C. § 2000e-5(g) (1991).

In sum, nothing leads this Court to believe that the remedies provision of 18 U.S.C. § 1514A provides for reputational injury.

  **b.**  **Punitive Damages**

Finally, Plaintiff argues jury entitlement because he seeks punitive damages. Although the Court does not believe Plaintiff properly sought such a claim, it need not address that point fully as the Act does not provide for such compensation.[6]

Plaintiff concedes the omission of punitive damages explicitly, but contends the legislative history explicitly allows such awards.[7] The Court finds this argument without merit for two reasons. First, a court "cannot search legislative history for congressional intent unless [it finds] the statute unclear or ambiguous." *In re Abott Laboratories*, 51 F.3d 524, 528 (5th Cir. 1995); *see also United States v. Missouri Pac. R.R. Co.*, 278 U.S. 268, 278 (1929) ("[W]here the language of an enactment is clear, and construction according to its terms does not lead to absurd or impracticable consequences, the words employed are to be taken as the final expression of the meaning intended."). In this case, the omission is clear and unequivocal. Hence, no reason exists to examine congressional history.

Second, even assuming some ambiguity resides, congressional history would point to *not* allowing a claim for punitive damages under the Act. Interestingly, the original draft of the

---

[6] Although Plaintiff's First Amended Complaint brings a claim for exemplary damages in its general prayer for relief, *see* Pl.'s Am. Compl. at 52, the Sarbanes-Oxley cause of action contains no such request. *See id.* ¶¶ 148-51. Indeed, only the fraud cause of action seeks exemplary damages. *See id.* ¶ 165 ("Accordingly, Plaintiff requests that exemplary damages be awarded against Defendants in a sum within the jurisdictional limits of the Court.") Furthermore, Plaintiff sought exemplary damages only *after* amending his complaint to include the fraud cause of action. *Compare* Pl.'s Original Compl. ¶¶ 148-60 *with* Pl.'s Am. Compl. ¶ 165.

[7] Plaintiff readily admits the omission of punitive damages from the Act. *See* Resp. to Mot. to Strike Sarbanes at 8 ("Plaintiff also . . . seeks "exemplary damages," a step beyond the specific wording of [the Act], but covered by it.").

remedies provision of section 1514A provided explicitly for punitive damages. *See* 148 Cong. Rec. S1789-90 (2002) ("In a case in which the finder of fact determines that the protected conduct of the employee under subsection (a) involved a substantial risk to the health, safety, or welfare of shareholders of the employer or the public, the finder of fact may award punitive damages to the employee."). However, subsequent drafts removed that language, providing force that such terms no longer applied. Stated differently, when Congress removes terms from a draft of a statute, more reason exists to enforce the statute as actually enacted. *Cf. Rivers v. Roadway Express, Inc.*, 511 U.S. 298, 307-08 (1994). Therefore, the Court finds no reason to believe that the Act allows for punitive damages.

## IV.    Legislative History

Lastly, Plaintiff claims that Senator Leahy's comments are indicative of Congressional intent. Precedent suggest otherwise. Similar to punitive damages, the Court acknowledges that the congressional record explicitly references the right to a jury trial. *See* 148 Cong. Rec. S7420 (2002) ("Only if there is not final agency decision within 180 days of the complaint . . . may he or she bring a de novo case in federal court with a jury trial available.") (citing U.S. Const. amend. VII; 42 U.S.C. § 1983). However, "[t]he first step in determining the intent of Congress is to examine the language of the statute." *Miss. Poultry Ass'n, Inc. v. Madigan*, 992 F.2d 1359, 1363 (5th Cir. 1993) (citing *Connecticut National Bank v. Germain*, 503 U.S. 249, 253-54 (1992). No where does 18 U.S.C. § 1514A use the term jury trial.

Moreover, "the remarks of the sponsor or author of a statute [do not] control [a court's] determination of legislative purpose."[8] *Aguillard v. Edwards*, 765 F.2d 1251, 1256 (5th Cir. 1985). Additionally, Plaintiff cannot claim that because Senator Leahy referenced the Seventh Amendment, section 1983, and the phrase "action at law," that the jury trial is automatic. *City of Monterey* establishes that none of those terms compel such a right. *City of Monterey*, 526 U.S. at 707-11. Indeed, Plaintiff cannot argue to the contrary as "[i]t is always appropriate to assume that our elected representatives . . . know the law; in this case," due to Senator Leahy's reference to the Seventh Amendment and section 1983, the Court is "especially justified in presuming both that [Senator Leahy was] aware of the prior interpretation of the [phrase "at law"] and that [such] interpretation reflects [his] intent with respect to [18 U.S.C. § 1514A]." *Cannon v. University of Chicago*, 441 U.S. 677, 696-97 (1979). In sum, the Court is not persuaded by the "legislative history."

## V.    Provisional Jury

Notwithstanding the previous analysis, the Court will consider an advisory jury if requested by the parties.

## VI.   Conclusion

For the foregoing reasons, the Court GRANTS Defendants' Motion to Strike Plaintiff's Demand for a Jury Trial on His Sarbanes-Oxley Claim.

---

[8] In fact, even where legislatures list the *purpose* of statutes, "[courts] are not absolutely bound by such statements or legislative disclaimers, but must treat them with deference. *Aguillard*, 765 F.2d at 1256 (emphasis added).

**It is so ordered.**

Signed this 7th day of June 2005.

_____
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE